IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAUDIO BAPTISTE,** : | **CIVIL NO. 1:CV-07-759** |
| **Plaintiff,** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **SCHUYLKILL COUNTY PRISON, OFFICER BOB MARTIN, WARDEN EUGENE BERDANIER, DEPUTY WARDEN DAVID J. WAPINSKY, and CAPTAIN MICHAEL FLANNERY,** : | |
| **Defendants.** : | |

# M E M O R A N D U M

Before the court is Defendants' motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. For the reasons that follow, summary judgment will be granted in favor of Defendants.

## I. Background

### A. Factual History

Plaintiff Claudio Baptiste, an inmate at the Schuylkill County Prison, claims that on March 2, 2007 and again on March 26, 2007 he was attacked and injured by other inmates at the prison. Plaintiff alleges that Defendants (1) failed to prevent the attacks by granting his request to move to a different cell block, (2) failed to provide adequate medical treatment for the injuries he suffered as a result of the attacks, and (3) punished Plaintiff for his involvement in the altercations. (Doc. 1 at 2.)

According to Plaintiff, on February 25, 2007, he observed other inmates smoking cigarettes in his cell in violation of prison rules, and he reported them to a block officer. (*Id.* at 7.) When the other inmates found out that Plaintiff had reported him, they allegedly formed a plan to assault him. On March 2, 2007, Plaintiff claims that Mr. Brooks, another inmate at the facility, went to his cell and assaulted him. (*Id.*) After the assault, Defendants placed Plaintiff in the restricted holding block. (*Id.*) On March 20, 2007, shortly before he was to be released from restricted holding, Plaintiff wrote letters to the Warden, the Deputy Warden, and the Captain asking them not to return him to the C-Block because five other inmates were waiting there to attack him. (*Id.*) The officers returned Plaintiff's letters, noting that the request would be denied. (*See id.* at 8-10.)

On March 26, 2007, Plaintiff says he was released from the restricted holding cell and returned to the C-Block. (*Id.* at 6.) Plaintiff alleges that within three hours of his return he was attacked by another inmate, Jonathan Baker. (*Id.*) According to Plaintiff, Baker attacked him from behind and stabbed him in the back, all in the presence of Officer Bob Martin, who Plaintiff alleges failed to intervene. (*Id.* at 7.) After this attack, Plaintiff states "I was taken to medical and then put back in the hole." (*Id.*) Plaintiff also alleges that Defendants provided him no medical attention for his injuries. (*Id.*) Plaintiff asserts that as a result of this altercation, he was reprimanded and given 65 days in the restricted holding block, while his alleged assailant, Jonathan Baker, was given time served after nine days. (*Id.*)

Plaintiff asserts that he filed a grievance raising these claims.[1] (*Id.* at 7.) In support of this claim that a grievance was filed, Plaintiff has attached a document labeled "Inmate's Request to Staff Member" which is addressed to Warden Berdanier and dated April 4, 2007. (*Id.* at 4.) In this form, Plaintiff wrote the following:

> an agrevience. Mr. Eugene my name is Baptiste Claudio Jr. and the reason of my appeal is because I was assaulted and the man how assaulted me got time serve after 9 days and I receive 65 days. I feel that justice has not bin served I'm pointing my right to appeal this decision.

(*Id.* (misspellings in original)) Plaintiff's request was denied by the Warden. (*Id.*)

At the time of the events in question, the Schuylkill County Prison had in effect a two-step inmate grievance policy. (*Id.* ¶ 2.) Under this policy, an inmate may file a grievance to report, among other things, alleged constitutional violations. (*Id.* Ex. A at 4.) Grievances must be filed within 30 days of an incident, and if the inmate is dissatisfied with the prison's response to the grievance, he may appeal the result to the Warden, whose decision is final. (*Id.* Ex. A at 6.) Under the grievance policy, the Deputy Warden fulfills the role of grievance coordinator, and is responsible for providing the grievance form to inmates upon request, and for processing grievances that are filed. (*Id.*) Deputy Warden David Wapinsky avers that Plaintiff never requested a grievance form. (Doc. 17 ¶¶ 2, 3.) Additionally, Warden Eugene Berdanier avers that Plaintiff "has not submitted a Grievance

---

[1] On the first page of his complaint, Plaintiff states that he filed a grievance in this matter, but that the grievance process was not completed. (Doc. 1.) However, in a written statement attached to the complaint, Plaintiff states that he filed a grievance which was denied. (*Id.* at 7.) Defendants maintain that no grievance was filed concerning this matter.

regarding his placement in C-Block, the alleged assault, or the alleged failure to provide medical treatment." (Doc. 16 ¶ 6.)

### B. Procedural History

On April 24, 2007, Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983, naming as defendants the Schuylkill County Prison, Officer Bob Martin, Warden Eugene Berdanier, Deputy Warden David J. Wapinsky, and Captain Michael Flannery. (Doc. 1 at 1.) Plaintiff seeks money damages for his alleged injuries and emotional distress. (Doc. 1 at 3.) On June 19, 2007, Defendants filed a motion to dismiss Plaintiff's complaint, or in the alternative, for summary judgment. (Doc. 15.) A brief in support of the motion was filed the same day. (Doc. 18.) Defendants seek dismissal or summary judgment on a number of grounds: (1) Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a); (2) Plaintiff failed to raise a genuine issue of fact as to whether any individual defendants participated in the alleged conduct at issue; (3) Plaintiff has failed to state a claim as to the non-medical defendants; and (4) as to Defendant Schuylkill County Prison Plaintiff failed to allege any pattern or practice that would give rise to *Monell* liability. On July 23, 2007 the court ordered Plaintiff to show cause by August 13, 2007 why the court should not deem Defendants' motion unopposed. (Doc. 20.) To this date, Plaintiff has failed to file a response. Accordingly, the court will treat the motion as unopposed, and the matter is ripe for disposition.[2]

---

[2] On February 18, 2008, Defendants filed a document requesting relief pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) permits a party to request relief from judgment. It is inapplicable in this case because judgment has not yet been entered. Because the court will grant summary judgment in favor of defendants, this motion will be denied as moot.

## II.     Legal Standard: Summary Judgment

Defendants seek dismissal of Plaintiff's claim pursuant to Rule 12(b)(6) for failure to state a claim, or in the alternative, summary judgment. The Supreme Court recently held in *Jones v. Bock*, that failure to exhaust administrative remedies is an affirmative defense rather than a specific pleading requirement under the PLRA. 127 S. Ct. 910, 921 (2007). Accordingly, Defendant's argument that Plaintiff has failed to exhaust his administrative remedies will be treated as a motion for summary judgment.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its]

5

own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.     Discussion

The court will first address Defendants' argument that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. The PLRA requires prisoners to exhaust any available administrative remedies prior to bringing any action concerning prison conditions in federal court. 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 127 S. Ct. at 918-19; *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006); *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir. 2004). Exhaustion is mandatory and there is no exception for futility, *see Flanyak v. Hopta*, 410 F. Supp. 2d 394 (M.D. Pa. 2006), or where the relief requested is unavailable through the grievance process, *see Booth v. Churner, C.O.*, 206 F.3d 289, 298 (3d Cir. 2000). The PLRA requires that administrative remedies be properly exhausted, and a court must examine the prison grievance procedure in place at the time of the alleged incident to determine if a grievance was properly filed. *Woodford*, 126 S. Ct. at 2387-88.

The court agrees with Defendant that Plaintiff has failed to exhaust his administrative remedies prior to instituting this suit concerning prison conditions. At the time of the events in question, Schuylkill County had in place a two-step grievance procedure which required Plaintiff to submit an inmate grievance form within 30 days of an alleged constitutional violation. Here, Plaintiff failed to request or submit a grievance form concerning the events of March 2 and 26, 2007. (*See* Docs. 16, 17.) Instead, Plaintiff wrote letters to a number of prison officials requesting that he not be transferred to Block-C, and he completed an "Inmate Request to Staff Member" form. Neither the letters nor the "Inmate Request to Staff Member" form constitute proper grievances because neither conforms to the requirements of the prison grievance policy. Thus, Plaintiff has failed to properly exhaust his administrative remedies as required by the PLRA.

## IV.        Conclusion

In accordance with the foregoing discussion, summary judgment will be granted for Defendants. An appropriate order will issue.

                                      s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: February 26, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAUDIO BAPTISTE,** : | **CIVIL NO. 1:CV-07-759** |
| Plaintiff, : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **SCHUYLKILL COUNTY PRISON, OFFICER BOB MARTIN, WARDEN EUGENE BERDANIER, DEPUTY WARDEN DAVID J. WAPINSKY, and CAPTAIN MICHAEL FLANNERY,** : | |
| Defendants. : | |

## O R D E R

**IT IS HEREBY ORDERED THAT:**

(1) Defendants' motion for summary judgment (Doc. 15) is **GRANTED**;

(2) Defendants' motion for relief pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 21) is **DENIED AS MOOT**; and

(3) The Clerk of Court is directed to close this file.

                                     s/Sylvia H. Rambo
                                     SYLVIA H. RAMBO
                                     United States District Judge

Dated: February 26, 2008